IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| William Hall, | ) | |
| | ) | |
| | ) | Civil Action No. 7:15-2079-GRA-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Dr. Amishi Y. Shah; | ) | |
| Dr. Francince L. Carattini-Eley; | ) | |
| Dr. Mohammed A. Memon; | ) | |
| Spartanburg Regional-Regional | ) | |
| Psychiatry, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This is a medical malpractice action filed by a *pro se* litigant. The plaintiff is a resident of Spartanburg County. The plaintiff has brought suit against three psychiatrists and a medical practice operating under the Spartanburg Regional Healthcare System.

In the Statement of Claim portion of the complaint, the plaintiff alleges that this case concerns "Hospital Inpatient Fraud" by "Spartanburg Regional" where the plaintiff has been unnecessarily treated for symptoms of paranoid-schizophrenia (doc. 1 at 3). The plaintiff claims three psychiatrists have misdiagnosed his auditory hallucinations and have committed fraud (*id*.). The plaintiff states his auditory hallucinations are made by a "new device which can focus sound-waves on certain individuals and make it to where the one listening to think maybe they are having Auditory-Hallucinations" (*id*.); In July of 2004, Dr. Shah diagnosed the plaintiff as paranoid-schizophrenic while the plaintiff was on hospital drugs and was "half-way sleeping" (*id*.). Dr. Shah had the plaintiff committed to the Patrick B. Harris Psychiatric Hospital, where the plaintiff was ordered to take "ZYPREXA," the

makers of which were found guilty in off-labeling lawsuits (*id*. at 4). The plaintiff further claims that Dr. Shah never allowed the plaintiff to tell her that he was not having auditory hallucinations. Her diagnosis was the first sign of fraud (*id*.). In April 2007, the plaintiff learned that the auditory hallucinations were actually caused "by a New Technology called HYPERSONIC-SOUND," and he attempted to convince the doctors that this technology should not be thought to be an auditory hallucination (*id*.). The plaintiff says he "was in and out" of psychiatric care from 2007 to 2010, and there was an order to bring him "in for evaluation" if he was not taking his medications for schizophrenia (*id*.). The doctors keep treating the plaintiff for auditory-hallucinations and not for "HYPERSONIC-SOUND" (*id*. at 5). In 2010, the plaintiff was evaluated by Dr. Carattini, who has continued the treatment for auditory hallucinations (*id*.). He was also evaluated by Dr. Memon, who continued treatment for auditory hallucinations, although the plaintiff attempted to explain to Dr. Memon how "HYPERSONIC-SOUND" works (*id*. at 5–6). Dr. Memon also prescribed "InVega" and has continued treatment for schizophrenia and affective mood disorder (*id*.). In his prayer for relief, the plaintiff seeks discovery pertaining to his claims (*id*. at 7).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley,* 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley,* 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3](3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal

law and (2) such deprivation occurred under color of state law. The three psychiatrists and Regional Psychiatry are subject to summary dismissal because they are private citizens who have not acted under color of state law. *See Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Hence, there is no basis for federal question jurisdiction in this case.

Fraud and medical malpractice are causes of action under South Carolina law. *See Enhance-It, L.L.C. v. American Access Techs., Inc.,* 413 F. Supp. 2d 626, 629–30 (D.S.C. 2006) (outlining nine elements of fraud under South Carolina law); and *Wilkinson v. East Cooper Cmty. Hosp., Inc.*, 763 S.E.2d 426, 428–33 (S.C. 2014) (noting statutory pre-litigation requirements for a medical malpractice action). This federal court does not have diversity jurisdiction to consider any state law claims pursuant to South Carolina law because the plaintiff and the defendants are citizens of South Carolina. *See* 28 U.S.C. § 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the important Notice on the next page.

June 15, 2015                                Kevin F. McDonald
Greenville, South Carolina            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).