UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| William E. Hall, | ) | |
| | ) | C/A No.: 7:15-cv-02079-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Dr. Amishi Y. Shah; Dr. Francine L. Carattini-Eley; Dr. Mohammed A. Memon; Spartanburg Regional-Regional Psychiatry, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before this Court for review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, and filed on June 15, 2015. ECF No. 12. For the reasons discussed herein, this Court adopts the Magistrate Judge's recommendation in its entirety and summarily dismisses this case without prejudice and without service of process.

## Background

Plaintiff William Hall ("Plaintiff"), proceeding *pro se*, filed this medical malpractice action pursuant to 28 U.S.C. § 1331 on May 20, 2015. ECF No. 1. Plaintiff was granted leave to proceed *in forma pauperis*. ECF No. 10. Under established procedure in this judicial district, Magistrate Judge McDonald made a thorough and careful review of the Complaint and now recommends that this Court summarily dismiss this case without prejudice and without service of process. ECF No. 12.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a district court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this

Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The failure to file objections to the Report and Recommendation waives any further right to appeal when the parties have been warned that they must object to preserve appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (unpublished per curiam decision). In the present case, Plaintiff received a copy of the Report and Recommendation, which contained a "Notice of Right to File Objections to Report and Recommendation." ECF Nos. 12 & 13. The Notice warned that "[f]ailure to timely file specific written objections to this Report and Recommendation will result in waiver of

the right to appeal from a judgment of the District Court based upon such Recommendation." *Id.* The deadline for filing objections was July 2, 2015. *See id.* Plaintiff did not file any objections to the Magistrate Judge's Report and Recommendation until July 6, 2015. ECF No. 14. While this objection was filed outside of the applicable time period, out of an abundance of caution, the Court will address Plaintiff's objection. ECF No. 12 at 4.

## Discussion

Having reviewed Plaintiff's objections, this Court finds that many of the objections are unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely restate his claims. However, this Court will address the objection that it finds to be specific and pertinent to the Report and Recommendation.

Liberally construed, it appears that Plaintiff is objecting to the conclusion in the Magistrate's Report and Recommendation that the three psychiatrists and Regional Psychiatry are subject to summary dismissal because they are private citizens who have not acted under color of state law, as required for a viable claim under 42 U.S.C. § 1983. *See* ECF No. 12 at 4. In so objecting, Plaintiff first argues that Dr. Shah, his initial physician, "deprived the plaintiff of a right secured by the constitution"…and "violated my privileges according to Article IV of the Constitution" when "[s]he never gave to the time to properly assess my condition" and "did not give me the opportunity to express to her that the symptom for which she diagnosed my condition was incorrect." ECF No. 14 at 2. Additionally, Plaintiff argues that Dr. Shah acted under color of state law because "she is a doctor given authority to exercise her

practice as a licensed psychiatric practitioner in a state facility. Her actions have led to the unnecessary continuing treatment of a purposefully misdiagnosed symptom." *Id.*

It is well-settled law that to state a claim for relief in an action brought under § 1983, a Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. *See Am. Mfr. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-52 (1999). Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful.'" *Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). Here, Plaintiff alleges that because Dr. Shah is licensed to practice medicine under the laws of the State of South Carolina, and because she practices in a state facility, her actions constitute "state action" under the requirements of § 1983. However, in cases involving even extensive state regulation of private activity, the courts have consistently held that "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974); see *Blum*, 457 U.S. at 1004. The medical facility and the three physicians being sued in this case will not be held to constitutional standards unless "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Ibid.* (internal quotation marks omitted).

Whether such a "close nexus" exists depends on whether the State "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Ibid.;* see *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 166 (1978); *Jackson, supra,* at 357. Action taken by private entities with the mere approval or acquiescence of the State is not state action. *Blum, supra,* at 1004-1005; *Flagg Bros., supra,* at 154-165; *Jackson, supra,* at 357. Here, Plaintiff has failed to show that such a sufficiently "close nexus" exists between the State and the alleged misconduct to prove state action under the requirements of 42 U.S.C. § 1983. His only argument as to how Dr. Shah has acted under color of state law rests on the fact that she "is a doctor given authority to exercise her practice as a licensed psychiatric practitioner in a state facility." ECF No. 14 at 2. Such a cursory statement lacks the specificity needed to demonstrate that the action depriving Plaintiff of his constitutional rights took place under color of state law. Accordingly, the Plaintiff's objection is overruled.

## Conclusion

After a thorough review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is SUMMARILY DISMISSED WITHOUT PREJUDICE AND WITHOUT SERVICE OF PROCESS.

**IT IS SO ORDERED.**

                                                             G. Ross Anderson, Jr.
                                                             Senior United States District Judge

July  14 , 2015
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

      Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.